PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACOB RUTH, | ) |
| | ) CASE NO. 1:13cv476 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| PINNACLE PAYMENT SERVICE LLC, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendant. | ) **ORDER** [Regarding ECF Nos. 6; 7] |

This matter is before the Court upon the Motion for Default Judgment against Defendant Pinnacle Payment Services, LLC, filed by Plaintiff Jacob Ruth on June 24, 2013. ECF No. 6. Also pending is Plaintiff's Motion for Attorney Fees and Costs by Attorney Frederick Bean. ECF No. 7. For the reasons expressed below, the Court grants both motions as to liability and awards damages and attorney fees in modified amounts.

**I. Background**

Plaintiff filed a Complaint on March 4, 2013 alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ECF No. 1. On April 23, 2013 service as made *via* certified mail upon Defendant and, on April 29, 2013, a return of service was executed. ECF No. 3. Defendant did not answer or otherwise respond. On June 24, 2013, Plaintiff filed an Application for Default and a Motion for Default. On that same day, Plaintiff's attorney filed a Motion for Attorney's Fees. ECF Nos. 5; 6; 7. The Clerk entered default on July 8, 2013, and a copy of the same was mailed to Defendant. ECF No. 8. Plaintiff now requests the Court enter judgment in his favor and award him $34,380.00 in damages. ECF No. 6 at 5. Plaintiff also requests $6,187.50 in attorney's fees and $355.01 in costs. ECF No. 7 at 3.

(4:13cv476)

## II. Standard of Review

After a default has been entered pursuant to Fed. R. Civ. Pro. 55(a), the party seeking relief from a defaulting party may apply for default judgment pursuant to Rule 55(b). *HICA Educational Loan Corp. v. Jones*, 2012 WL 3579690, at *1 (N.D. Ohio 2012). A default upon well-pleaded allegations establishes the defendant's liability, but the plaintiff bears the burden of establishing damages. *Id.* (citing *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. App'x. 452, 457 (6th Cir.2011) ( citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir.1995))). In order to enter default judgment, the Court must determine the amount of damages. *HICA, 2012 WL 3579690*, at *1. The Court may determine the amount of damages by affidavit and/or other documentary evidence. *Id.* An evidentiary hearing is not required by Rule 55(b) if the amount of damages can be determined by computation from the record before the Court. *Id.*

## III. Discussion

### A. Damages

In his Complaint, Plaintiff alleges that he was unlawfully denied overtime payments and that he was terminated in retaliation for his efforts to receive compensation for the unpaid overtime. ECF No. 1 at 3-5. He seeks overtime payments plus liquidated damages; back pay plus liquidated damages; front pay; and damages flowing from intentional infliction of emotional distress. ECF No. 1.

#### 1. Unpaid Overtime

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to the amount of his unpaid overtime compensation. In support of his motion for default judgment, Plaintiff attests that he worked five days a week, in most cases for 47.5 hours per week. ECF Nos. 6-3 at 1; 6 at 2–4. He worked a

(4:13cv476)

total of 112.5 unpaid overtime hours, payable at the overtime rate of $12.00 per hour, for a total of $1,350.00. ECF Nos. 6-3 at 1; 6 at 3-4.

### 2. Back Pay

Plaintiff is also eligible for back pay. *See* 29 U.S.C. § 216(b). Plaintiff attests that he has not been able to gain employment despite his best efforts, and that he has suffered lost wages from the date of his termination in the amount of $7,040.00. ECF No. 6-3 at 1. This amount is based on his hourly wage of $8.00 per hour over a 22-week period of unemployment.[1] ECF No. 6 at 4.

### 3. Liquidated Damages

29 U.S.C. § 216(b) provides that an employee is entitled to liquidated damages in an amount equal to his or her unpaid overtime compensation and back pay. 29 U.S.C. § 260 in turn provides,

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Because Defendants have failed to show their violation was in good faith or was reasonable, liquidated damages are warranted. Accordingly, Plaintiff is entitled to an amount equal his unpaid overtime ($1,350.00) and back pay ($7,040.00) as liquidated damages. The total sum awarded is $16,780.00.

### 4. Front Pay

---

[1] Plaintiff was terminated on January 17, 2013. ECF No. 6 at 4.

(4:13cv476)

Plaintiff "separately [ ] submits that he should be entitled to front pay as a result of termination up to the one-year anniversary of his termination." ECF No. 6 at 5.  Plaintiff cites no legal authority nor does he explain why the Court should grant him an award of front pay.  An award of front pay is discretionary.  See *Arban v. West Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2003).  Plaintiff has offered nothing to persuade the Court that front pay should be awarded.  See *id*. (citing factors).

### 5. Emotional Distress

Plaintiff also asks for damages flowing from emotional distress in the amount of $8,000.[2] ECF No. 6 at 5.  Plaintiff does not explain how he arrived at this sum.  Damages for his intentional infliction of emotional distress claim are, therefore, unwarranted.

In sum, the Court awards Plaintiff $16,780.00, representing unpaid overtime with liquidated damages and back pay with liquidated damages.

### B. Attorney Fees

Plaintiff's counsel submitted an affidavit stating his hourly rate is $375.00.  ECF No. 7-2 at 1.  However, Plaintiff's counsel did not include a *curriculum vitae* nor did he attest that this rate is customary for counsel in the area in FLSA cases.  In determining a reasonable rate, a court may also consider the awards in analogous cases, *see Johnson v. Connecticut Gen. Life Ins., Co.*, 2008 WL 697639, at *5 (N.D.Ohio 2008), and its own knowledge and experience from handling

---

[2] Plaintiff does not specify whether this claim is based upon state law or 29 U.S.C. § 216(b).  The Court finds Plaintiff's request deficient under either standard.  *See Weber v. Obuch*, 2005 WL 3556693, at *8 (Ohio Ct. App. Dec. 30, 2005) (lower court did not err in denying damages on default judgment when the plaintiff "did not introduce any damages attributable to his claim of intentional infliction of emotional distress"); *Moore v. Freeman*, 355 F.3d 558, 563 (6th Cir. 2004) (FLSA provides for compensation "for demonstrable emotional injuries").

(4:13cv476)

similar requests for fees, *see Ousley v. Gen. Motors Retirement Program for Salaried Employees*, 496 F.Supp.2d 845, 850 (S.D.Ohio 2006) (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149–50 (6th Cir. 1986)). Another unit of the instant Court has recently found $275.00 to be reasonable in an FLSA case, *see White v. All About Cable Connections*, LLC, 2013 WL 2949920, at *4 (N.D.Ohio June 13, 2013); *see also Abdelkhaleq v. Precision Door of Akron*, 2010 WL 395236, at *6 (N.D.Ohio Jan. 25, 2010) (awarding an hourly rate of $235.00); *Towner v. WestPark Direct*, Case No. 1:12-cv-01958, (Gaughan, J.) (*see* ECF No. 10 at 6 , hourly rate of $265.00 is customary, approved at ECF No. 11). Accordingly, the Court awards attorney fees based on an hourly rate of $275.00, for 16.5 hours worked, for a total of $4,537.50 in reasonable attorney fees and $355.01 in reasonable costs.[3]

## IV. Conclusion

For the reasons stated above, the Court grants Plaintiff's Motion for Default Judgment (ECF No. 6) and awards $16,780.00. The Court grants Plaintiff's Motion for Attorney Fees and Costs (ECF No. 7) and awards $4,892.51 in fees and costs.

IT IS SO ORDERED.

| | |
|---|---|
| July 31, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] Plaintiff's counsel attests that the costs include the filing fee and service *via* certified mail. ECF No. 7-2.